UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERNEST OLIVAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV 16-1102 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying his application for Supplemental Security Income benefits. Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Case Management Order filed on July 6, 2016, on February 2, 2017, the parties filed a Joint Stipulation ("JS") detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR") and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

/ / /

/ / /

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017, and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

**PROCEDURAL HISTORY**

On April 18, 2013, plaintiff applied for Supplemental Security Income benefits. (AR 141-50.) His application was denied initially (AR 57) and on reconsideration (AR 68). Thereafter, plaintiff requested a hearing before an administrative law judge ("ALJ"). (AR 5-6.) On September 25, 2014, ALJ John Wojciechowski held a hearing. (AR 20-45.) Plaintiff appeared at the hearing with counsel. (*See id.*)

On November 21, 2014, the ALJ issued a decision denying plaintiff benefits. (AR 7-19.) In the decision, the ALJ found that plaintiff's impairments neither meet nor equal any listing found in 20 C.F.R. Part 404, subpart P, app'x 1. (AR 12.) Moreover, the ALJ determined that plaintiff possesses the residual functional capacity ("RFC") to perform "light work" with the following limitations:

> [T]he claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; can sit for six hours and stand/walk for six hours in an eight-hour workday; can occasionally climb, stoop, kneel, crawl and crouch; can never use ladders, ropes or scaffolds; and can frequently balance. The claimant is further limited to frequent bilateral reaching and handling and frequent overhead reaching with the left (non-dominant) upper extremity. The claimant should avoid concentrated exposure in the workplace to extreme heat, cold, vibration, and industrial hazards.

(AR 13.) In determining plaintiff's RFC, the ALJ rejected the opinions of Dr. Khai Do, plaintiff's treating physician.[2] (AR 14.) Based on his RFC determination and the testimony of a vocational expert, the ALJ found that plaintiff is capable of performing work existing in the national economy and is therefore not disabled. (AR 15-16.)

---

[2] Although the ALJ stated that Dr. Do's opinions were provided by an "unknown medical source" (AR 14) both parties acknowledge that Dr. Do was the source of the opinions that the ALJ rejected.

On May 6, 2016, the Appeals Council denied review. (AR 1-3.) Plaintiff filed the instant complaint on May 27, 2016. (Dkt. 1.)

## CONTENTIONS

Plaintiff raises a single contention in this action:

1. Whether the ALJ properly considered the opinions of plaintiff's treating physician, Dr. Do.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

///
///
///
///
///

3

**DISCUSSION**

A. <u>Whether the ALJ Permissibly Rejected Dr. Do's Opinions</u>

    1. Background

        a. *Dr. Do's Opinions*

On June 18, 2014, Dr. Do filled out a form entitled "Medical Opinion Re Ability To Do Work-Related Activities" (the "report") setting forth his opinions regarding plaintiff's limitations. (AR 459-61.) Notably, the general format of the report is that of a "check-box form," wherein the completing physician checks boxes or circles numbers in order to convey opinions about a claimant's physical limitations (i.e. maximum weight the claimant can lift, length of time the claimant can stand or walk, etc.). (*See id.*) The report also directs the completing physician to explain what medical evidence supports those opinions and it provides spaces for the physician to detail and discuss that evidence. (*See* AR 460-61.) In the report, Dr. Do essentially opined that plaintiff's functional abilities are so greatly restricted that he likely cannot perform any work. (*See id.*) For instance, Dr. Do opined that plaintiff cannot even occasionally lift more than ten pounds and cannot stand or walk for more than two hours in an eight-hour workday. (AR 459.) He also opined that plaintiff must "lie down . . . during the work shift" approximately every four to six hours. (AR 460.) However, in the portion of the report that requests medical evidence supporting those limitations, Dr. Do simply wrote "morbid obesity, DJD, neck, back." (AR 460.) He also stated that plaintiff can never stoop, crouch, twist, climb stairs, or climb ladders, and supported these limitations by writing "+ morbid obesity." (*See id.*)

        b. *ALJ's Decision*

In his decision denying benefits, the ALJ afforded no weight to the opinions of Dr. Do. Specifically, the ALJ found the following:

> [Dr. Do's] assessment indicates that the claimant would experience extreme functional limitations such that he would be incapable of even sedentary work activity. No weight is

4

afforded to this opinion. The assessed limitations are unsupported by any articulated bases and are inconsistent with the evidence of record as a whole, including objective clinical observations, medical source opinions, treatment history, and the claimant's demonstrated and reported functional ability.

(AR 14.)

2. Analysis

In the Social Security context, courts distinguish among opining physicians in the following manner: (1) treating physicians; (2) examining physicians; and (3) nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the opinion of a treating physician or examining physician is uncontroverted, the ALJ must provide clear and convincing reasons for rejecting the opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citations omitted). However, if the opinions of a treating physician are contradicted by another physician, the ALJ need only provide "specific and legitimate reasons that are supported by substantial evidence in the record" for rejecting those opinions. *Id.*

Here, plaintiff argues the ALJ's conclusion that "[t]he assessed limitations are unsupported by any articulated bases" was inadequate to reject Dr. Do's opinions because Dr. Do sufficiently supported the limitations he assigned plaintiff. (JS at 4.) The Court finds plaintiff's argument unpersuasive.

As plaintiff acknowledges, the ALJ's statement that Dr. Do's opinions "are unsupported by any articulated bases" demonstrates that the ALJ rejected Dr. Do's opinions because Dr. Do failed to support his conclusions in the report.[3] This basis was

---

[3] The Court acknowledges that the ALJ's reasoning is somewhat vague and non-specific with respect to his rejection of Dr. Do's opinions. Nonetheless, the Court is permitted to affirm the ALJ's decision because it can reasonably discern the ALJ's reasons for rejecting Dr. Do's opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (holding that when an ALJ explains his decision "with less than ideal clarity," that error is harmless "if the agency's path may reasonably be

(continued...)

a permissible reason for rejecting Dr. Do's opinions. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." (citation omitted)); *see also Casas v. Comm'r of Soc. Sec. Admin.*, 2017 WL 2222613, at *11 (D. Ariz. May 22, 2017) (affirming rejection of nurse practitioner's opinions because they were stated in a "check-box form" containing only unsupported conclusions). Moreover, the record supports the ALJ's determination, as Dr. Do did not meaningfully discuss what, if any, medical evidence (i.e. lab reports or exam findings) supports the limitations he assigned to plaintiff. Rather, the conclusory opinions Dr. Do expressed by circling numbers and checking boxes in the report are entirely unsupported beyond bare diagnoses that provide no substantive information about why plaintiff is as severely limited as Dr. Do opined. Accordingly, the Court concludes that the ALJ was permitted to reject Dr. Do's opinions as unsupported by medical evidence.

Because the ALJ provided at least one specific and legitimate reason supported by substantial evidence for rejecting Dr. Do's opinions, any errors with respect to the other reasons the ALJ provided are harmless. *See Carmickle*, 533 F.3d at 1162 (holding that an ALJ's error is harmless if the "error does not negate the validity of the ALJ's ultimate . . . conclusion" (internal quotation marks omitted)).

///
///
///
///
///

---

[3](...continued)
discerned"). In any event, plaintiff was able to determine the reasons for which the ALJ rejected Dr. Do's opinions, indicating that the ALJ explained his reasoning with sufficient clarity.

6

# CONCLUSION

For the foregoing reasons, the judgment of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: June 21, 2017

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge